

Steven W. Gold
Steven G. Mintz*
Jeffrey D. Pollack*
Elliot G. Sagor
Ira Lee Sorkin
Lon Jacobs
Steven A. Samide
Scott A. Klein
Terence W. McCormick***
Robert B. Lachenauer
Roger L. Stavis
Howard M. Topaz
Philip E. Altman
Charles A. Ross**
Richard M. Breslow
Barry M. Kazan*
Craig D. Spector*
Kevin M. Brown
Alexander H. Gardner
Heath Loring
Peter Guirguis

Matthew S. Seminara
Julia B. Milne
James W. Kennedy
Ryan W. Lawler*
Andrew A. Smith
Amit Sondhi
Michael Mooney
Adam K. Brody
Andrew E. Steckler
Alex J. Otchy*
Allison Pridmore
Victoria F. Muth
Carli M. Aberle
Zachary J. Turquand
Kellyann T. Ryan
Jason Leach****
Sitie "Esther" Tang
Benjamin S. Cotler

*Also admitted in New Jersey
**Also admitted in Florida
***Also admitted in California
****Also admitted in Texas

**Senior Counsel**
Jack A. Horn
Noreen E. Cosgrove
Timothy J. Quill, Jr.

**Of Counsel**
Honorable Vito J. Titone (*dec.*)
NY State Court of Appeals 1985–1998
Harvey J. Horowitz (*dec.*)
Honorable Howard Miller
NY Appellate Div. 1999–2010 [ret.]
Alan Katz
Eric M. Kutner
Andrew P. Napolitano°
Brian T. Sampson
Erica Nazarian
Tara Shamroth
Jared Van Vleet
Simone Calzolai⁺

°Admitted to practice only before all courts in New Jersey and all Federal Courts in New York City
⁺Admitted in Italy and the United Kingdom (Not admitted in the U.S.)

April 18, 2025

<u>Via CM/ECF and Email</u>
Hon. Margaret M. Garnett
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
*GarnettNYSDChambers@nysd.uscourts.gov*

    Re: Barth v. Houghton Mifflin Company et al.
       No. 1:25-cv-01777-MMG

Dear Judge Garnett:

  This firm represents Defendants HarperCollins Publishers, L.L.C. ("HarperCollins") and News Corp in the above-captioned *pro se* defamation action. Concurrently with this letter, we are also filing notices of our appearance on behalf of Defendants Shelly Barth, Shelly R. Barth Revocable Trust, and the Estate of John Barth (the "Barth Defendants"). We write in response to the letter of *pro se* Plaintiff John S. Barth, Jr., filed on April 13, 2025 (ECF No. 18) in opposition to our letter motion of April 11, 2025. (ECF No. 14.) In view of Mr. Barth's response, we continue to believe that a short conference with the Court would be useful to clear up some confusion over service issues, set a response date, and restore some order to the early stages of this *pro se* case.

  Some of the confusion owes itself to Mr. Barth's persistent misunderstanding of how service of process is supposed to work. His letter of April 12th maintains that his service of the complaint was not defective even though it was not accompanied by the exhibits to which the



April 18, 2025
Page 2

Complaint referred and which he expressly incorporated by reference. After filing our letter motion, we have since been able to obtain access to these documents on ECF, which were filed under seal. These constitute nearly 500 pages of exhibits to the Complaint and an accompanying memorandum of law that were not served upon Defendants with the Rule 4(d) waiver.[1] Mr. Barth also adheres to the mistaken view that the Defendants' responses are currently due on May 6, 2025 (60 days from his defective service of the waiver of summons under Rule 4[d]), even though the waiver was never returned by any Defendant and he has not yet, to our knowledge, effected service on any Defendant through the traditional manner.[2] Confusing matters further, it is unclear whether he has purported to (or intends to) serve or proceed against the two Houghton Mifflin entities.

Mr. Barth has also apparently filed numerous documents in the last few days, including a request for the issuance of subpoenas that he proposes to serve on Defendant Shelly Barth and certain third parties. (ECF No. 19, 21-24.) The service of such discovery is impermissible at this stage because the Rule 26(f) conference has not yet taken place.

Parenthetically, the Court should also be aware that this is not Mr. Barth's first experience as a *pro se* litigant in federal courts. We are aware of at least one prior occasion when the United States District Court for the District of Maine found it necessary to admonish him regarding the future conduct of litigation following repeated, vexatious filings in that court. See John Barth v. Town of Waterboro, et al., No. 2:23-cv-00295-NT (D. Maine), ECF No. 47, 48.

Accordingly, we request that the Court confer with the parties at its earliest opportunity so that the parties may discuss with the Court a coherent arrangement for waiver of service, moot any issues surrounding service, establish a response date, and otherwise ensure the orderly progress of this matter prior to the Rule 16 scheduling conference.

Respectfully submitted,

*/s/ Steven G. Mintz*

Steven G. Mintz

---

[1] We suspect that the Sheriff or other process server does not have these documents either and will not be serving them.

[2] Mr. Barth also insists that "[n]o summons is to be served therewith, despite the false claim of Mintz." He misreads the letter motion; the defect resulted from the fact that no summons had been issued at all at the time he served the Rule 4(d) waivers on March 7th and might never have been. In all events, as stated, the service of the complaint itself was deficient.

Mintz & Gold LLP
600 Third Avenue, 25th Floor, New York NY 10016

O 212.696.4848 | F 212.696.1231
mintzandgold.com



April 18, 2025
Page 3

cc: John S. Barth, Jr.
*Plaintiff Pro Se (Via ECF)*

GRANTED. The parties are hereby ORDERED to appear for a scheduling conference on **Monday, April 28, 2025 at 11 A.M.**. The conference will be conducted via videoconference over Microsoft Teams. A direct link to the videoconference will be sent to Plaintiff and counsel for the Defendants. The Clerk of Court is respectfully instructed to terminate Dkt. No. 14.

In addition, Plaintiff's motion for a restraining order against Mr. Mintz (Dkt. No. 29) is DENIED. Letters to the Court filed on ECF are not "unlawful attempts to communicate privately with the Judge" or "attempt[s] to establish a privileged relationship." *See* Dkt. No. 29 at 1. Rather, such communications are viewable on the public docket, are deemed served on the Plaintiff when they are filed on ECF, and are entirely consistent with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Court's Individual Rules & Practices. To the extent Plaintiff disagrees with any assertions in such letters, or believes they are false, the appropriate remedy is to respond to the letter publicly, through ECF filing, within the time provided by these various Rules. The Clerk of Court is respectfully directed to terminate Dkt. No. 29.

SO ORDERED. Dated April 23, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE