**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN BARTH, JR.,<br><br>        Plaintiff,<br><br> - against -<br><br>HOUGHTON MIFFLIN COMPANY, HOUGHTON MIFFLIN HARCOURT, HARPERCOLLINS, NEWS CORP, SHELLY BART, SHELLY R. BARTH REVOCABLE TRUST, ESTATE OF JOHN BARTH, JOHN BARTH, SR. (deceased), JOHN DOES 1-10 and JANE DOES 1-10,<br><br>        Defendants. | Case No. 1:25-cv-01777-MMG |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S LETTER MOTION TO SEAL**

                        **MINTZ & GOLD LLP**
                        Steven G. Mintz
                        Terence W. McCormick
                        600 Third Avenue – 25th Floor
                        New York, New York 10016
                        Tel: (212) 696-4848
                        mintz@mintzandgold.com
                        mccormick@mintzandgold.com

                        *Attorneys for Defendants*
                        *HarperCollins Publishers, L.L.C.,*
                        *News Corp, Shelly Barth, Shelly R. Barth*
                        *Revocable Trust, and the Estate of*
                        *John Barth*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ........................................................................................................................................ 3

    I.    BARTH'S COMPLAINT, THE APPENDICES, AND THE SO-CALLED MEMORANDUM OF LAW ARE JUDICIAL DOCUMENTS SUBJECT TO PRESUMPTIVE PUBLIC ACCESS ........................................................................ 4

    II.    THE COURT SHOULD ACCORD MAXIMUM WEIGHT TO THE PRESUMPTION OF ACCESS BECAUSE THE PLEADINGS ARE CENTRAL TO THE EXERCISE OF ARTICLE III POWER IN THE CASE ........ 4

    III.    BARTH'S PURPORTED PRIVACY INTERESTS DO NOT OUTWEIGH THE DOMINATING PRESUMPTION OF PUBLIC ACCESS TO HIS COMPLAINT. ........................................................................................................ 5

    IV.    FIRST AMENDMENT CONCERNS EQUALLY DISFAVOR SEALING ............ 8

CONCLUSION .................................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

Bernstein v. Bernstein Litowitz Berger & Grossmann,
   814 F.3d 132 (2d Cir. 2016) .................................................................................... 4, 8, 9

Cavender v. U.S. Merchant Marine Academy,
   No. 20-cv-2063 (PKC), 2020 U.S. Dist. LEXIS 107220 (E.D.N.Y. Jun. 18, 2020) ................... 6

Doe v. Paychex, Inc.,
   No. 3:17-cv-2031 (VAB), 2019 U.S. Dist. LEXIS 78135 (D. Conn. May 6, 2019) ................... 6

Fed. Trade Comm'n v. Abbvie Prods. LLC,
   713 F.3d 54 (11th Cir. 2013) ........................................................................................ 4

Haider v. Geller & Co. LLC,
   457 F. Supp. 3d 424 (S.D.N.Y. 2020) .......................................................................... 5

Hartford Courant Co. v. Pellegrino,
   380 F.3d 83 (2d Cir. 2004) .......................................................................................... 8

Jane Doe v. United States,
   732 F. Supp. 3d 291 (S.D.N.Y. 2024) .......................................................................... 6

Lewis v. Laz Parking Ltd.,
   1:25-cv-02341 (MMG), 2025 U.S. Dist. LEXIS 77756 (S.D.N.Y. Apr. 23, 2025) ............... 4, 6

Lugosch v. Pyramid Co. of Onondaga,
   435 F.3d 110 (2d Cir. 2006) ................................................................................. *passim*

Mann v. Boatright,
   477 F.3d 1140 (10th Cir. 2007) ................................................................................... 6

Mirlis v. Greer,
   952 F.3d 51 (2d Cir. 2020) .......................................................................................... 4

Nago v. Bloomberg, L.P.,
   No. 19-cv-11483 (GBD), 2021 U.S. Dist. LEXIS 83373 (S.D.N.Y. Apr. 30, 2021) ............... 6

Nixon v. Warner Communications, Inc.,
   435 U.S. 589 (1978) ................................................................................................ 3, 9

Press-Enterprise Co. v. Superior Court,
   478 U.S. 1 (1986) ....................................................................................................... 8

Routh v. Univ. of Rochester,
   981 F. Supp. 2d 184 (W.D.N.Y. 2013) ........................................................................ 6

United States v. Amodeo,
    71 F.3d 1044 (2d Cir. 1995) ....................................................................................... 3, 4, 5

United States v. HSBC Bank USA, N.A.,
    863 F.3d 125 (2d Cir. 2017) ................................................................................................ 4

iii

**INTRODUCTION**

Defendants respectfully submit this memorandum of law in opposition to Plaintiff John Barth, Jr.'s ("Barth") Letter Motion to Seal his Complaint and all other documents filed on the docket in this action. (ECF No. 45, 47.)

**PRELIMINARY STATEMENT**

Fundamentally, there is a common law and First Amendment right of access to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006). In his letter to the Court dated April 30, 2025, which Defendants construe as a letter motion to seal, Barth does not clearly explain what the grounds are for sealing his Complaint and the accompanying exhibits that he filed upon commencing this action. He apparently fears that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Barth also vaguely refers ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But as we explain below, that argument falls under its own weight: the United States District Court for the District of Maine not only dismissed ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ but enjoined him as a vexatious litigant from filing any more such cases without obtaining permission from the District Court in orders entered in Barth v. Town of Waterboro, No. 2:23-cv-00295-NT (D. Me. ECF No. 47, 48). See Point III, infra. The Court should bear in mind Barth's previous misuse of the state and federal courts in Maine when considering not only this motion but the rest of this litigation.

1

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████

███████████████████████████████ Barth is presumably not eager for the filings in this action to spread upon the public record references to ████████████, but that is an inevitable consequence of his choice to file an action ████████. In all events, ████████████████████████████████████████ does not warrant sealing the Complaint under the stringent standards that govern presumptively public access to judicial records in federal court.

It bears recalling, moreover, that it is **Barth** himself who placed the allegedly ██████ statements at issue when he ██████████████████████████████████. Federal courts do not exist as a secret arbitration forum ██████████████████, and ██████████ plaintiffs are required—*publicly*—████████████████████████████████ as a condition of their petition for relief from the courts. Moreover, the very statements that Barth complains of have been in the public domain for almost twenty (20) years following ████████████████ ██████████████████████████. His attempt to seal his own Complaint (and indeed, the entire docket in this action) is therefore not only impermissible but futile: the genie cannot be put back into the bottle while he secretly ██████████ over their alleged release of the genie in the first place. The public's right to access court documents is a foundational principle of our legal system and cannot be set aside merely because the content of those records is offensive, embarrassing, or allegedly ██████████

2

**ARGUMENT**

There is a presumptive right of public access to judicial documents under both the common law and the First Amendment. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978); Lugosch, 435 F.3d 110, 120 (2d Cir. 2006). This right is intended to ensure "a measure of accountability and for the public to have confidence in the administration of justice." Id. at 119 (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

In the Second Circuit, the Court evaluates a motion to seal in contravention of the common law right of access using a three-step inquiry. *First,* the Court determines whether the documents are "judicial documents." Lugosch, 435 U.S. at 119. *Second,* the Court determines the *weight* of the resulting presumption of access, in light of "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. *Third,* the Court considers potential "countervailing factors," which in certain circumstances can include "'the privacy interests of those resisting disclosure.'" Id. at 120 (quoting Amodeo, 71 F.3d at 1050).

Separate and apart from the public's common law right of access, courts apply an even "more stringent" test when the First Amendment right of access is implicated. See Lugosch, 435 F.3d at 124. In the context of access to pleadings, the Second Circuit applies an "experience and logic" approach which examines whether the documents "'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" Id., 435 F.3d at 120.

For the reasons that follow, under both the common law and constitutional approaches, Barth's application to seal the Complaint and its accompanying exhibits should be denied and all documents currently sealed on the docket should be opened.

3

I.  **BARTH'S COMPLAINT, THE APPENDICES, AND THE SO-CALLED MEMORANDUM OF LAW ARE JUDICIAL DOCUMENTS SUBJECT TO <u>PRESUMPTIVE PUBLIC ACCESS</u>.**

Under <u>Lugosch's</u> first prong, Barth's Complaint, the accompanying appendices, and the so-called memorandum of law were "judicial documents" upon the moment he filed the action. By definition, "pleadings . . . ask the court to grant (or reject) some relief." <u>United States v. HSBC Bank USA, N.A.</u>, 863 F.3d 125, 141-42 (2d Cir. 2017) (citing, <u>inter alia</u>, Lugosch, 435 F.3d at 120-23). <u>See</u> <u>also</u> <u>Bernstein v. Bernstein Litowitz Berger & Grossmann</u>, 814 F.3d 132, 140 (2d Cir. 2016) ("'[a] complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision'") (quoting <u>Fed. Trade Comm'n v. Abbvie Prods. LLC</u>, 713 F.3d 54, 62 (11th Cir. 2013)). There is therefore no serious dispute that the Complaint and the other accompanying commencement documents Barth seeks to seal, which detail the fundamental allegations and his claim for relief, are judicial documents and are subject to the strong presumption of public access.

II. **THE COURT SHOULD ACCORD MAXIMUM WEIGHT TO THE PRESUMPTION OF ACCESS BECAUSE THE PLEADINGS ARE CENTRAL TO <u>THE EXERCISE OF ARTICLE III POWER IN THE CASE</u>.**

The second <u>Lugosch</u> factor, "[t]he weight to be accorded" to the presumption of access, is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." <u>Mirlis v. Greer</u>, 952 F.3d 51, 59 (2d Cir. 2020) (quoting <u>Amodeo</u>, 71 F.3d at 1049)). As this Court observed only last month, "'[i]t is plain that a complaint is a judicial document to which the presumption of access attaches ... because the complaint 'is highly relevant to the exercise of Article III judicial power' and the complaint 'invokes the powers of the court, states the causes of action, and prays for relief.'" <u>Lewis v. Laz Parking Ltd., LLC</u>, No 1:25-cv-02341 (MMG), 2025 U.S. Dist. LEXIS

4

77756, at *2 (S.D.N.Y. Apr. 23, 2025) (Garnett, J.) (quoting Haider v. Geller & Co. LLC, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020) (quoting Bernstein, 814 F.3d at 142)). The strong weight to be accorded the public right of access to complaints is "largely derived from the role those documents played in determining litigants' substantive rights—conduct at the heart of Article III—and from the need for public monitoring of that conduct." Amodeo, 71 F.3d at 1049. Manifestly, the second Lugosch factor weighs decisively against sealing.

### III. BARTH'S PURPORTED PRIVACY INTERESTS DO NOT OUTWEIGH THE DOMINATING PRESUMPTION OF PUBLIC ACCESS TO HIS COMPLAINT.

The third Lugosch factor, which weighs competing considerations, such as the privacy interests of those resisting disclosure, does not tilt the balance in Barth's favor. Whatever privacy interests he might have, the Second Circuit's guidance does not permit him to raise a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with one hand and shield his pleadings against public scrutiny with the other.

Barth argues that the pleadings should be sealed because they concern ▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Courts have repeatedly rejected attempts to seal judicial records solely because they contain embarrassing or reputation-damaging material. See, e.g., Lewis v. Laz Parking Ltd., supra, 2025 U.S. Dist. LEXIS 77756, at *5 (collecting cases, holding potential negative impact upon a party's future business or social status insufficient to outweigh presumption of access). See also Routh v. Univ. of Rochester, 981 F. Supp. 2d 184, 217 (W.D.N.Y. 2013) ("although [lurid sexual allegations] [are] embarrassing, it is arguably relevant to Routh's contention that his and Hulbert's sexual activity, some of which was seemingly abusive and potentially harmful, was consensual); Nago v. Bloomberg, L.P., No. 19-cv-11483 (GBD), 2021 U.S. Dist. LEXIS 83373, at *4 (S.D.N.Y. Apr. 30, 2021) (apprehension of social embarrassment and impact on future business insufficient to justify sealing); Cavender v. U.S. Merchant Marine Academy, No. 20-cv-2063 (PKC), 2020 U.S. Dist. LEXIS 107220, at *7 (E.D.N.Y. Jun. 18, 2020) (citing Lugosch, denying *pro se* litigant's application to withdraw his complaint and seal all documents filed on the docket due to fears of reputational harm from public viewing of complaint); Doe v. Paychex, Inc., No. 3:17-cv-2031 (VAB), 2019 U.S. Dist. LEXIS 78135, at *40-41 (D. Conn. May 6, 2019) (denying application to seal records where contents revealed Jane Doe was the subject of domestic violence). See also Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007) (sealing denied where complaint detailed history of litigant's "on-going feud with her family and discloses that [another person] has been diagnosed with Alzheimer's disease.").

Moreover, it bears repeating that it is Barth who walked through the courthouse doors and sought to involve the Court in airing and resolving his differences. See Jane Doe v. United States, 732 F. Supp. 3d 291, 300 (S.D.N.Y. 2024) (denying application of Jeffrey Epstein victims to proceed anonymously because "Plaintiffs have invoked the public forum of litigation in which there is a strong presumption of public access") (citing Lugosch, 435 F.3d at 126). The fact that

6

allegations may be "false" or "libelous" is not a ground for sealing. Such claims are for the trier of fact to determine, and the judicial process must remain open absent extraordinary circumstances.

Defendants further note the argument in Barth's letter motion that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (See Order entered on February 2, 2024, in Barth v. Town of Waterboro, No. 2:23-cv-00295-NT (D. Me. ECF No. 47). By a separate Order entered on the same date (ECF No. 48), the District Court in Maine took note of Barth's vexatious pattern of litigation and enjoined him from filing any further litigation arising from the same operative facts without prior leave of Court. (Copies of those Orders are attached as Exhibit 1 and Exhibit 2 to the accompanying Declaration of Steven G. Mintz.) It is therefore ***impossible*** for the unsealing of Barth's Complaint in this Court to ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌: the District Court of Maine has already dismissed the last of his ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ and commanded him to ***stop*** filing them without leave of the Court. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

7

IV.     **FIRST AMENDMENT CONCERNS EQUALLY DISFAVOR SEALING.**

In addition to the three-step test for analyzing the common law right of access under Lugosch, courts in the Second Circuit also separately consider the First Amendment right of access. See Bernstein, 814 F.3d at 141. Because the First Amendment embodies a higher constitutional value, the test for overcoming the First Amendment right of access is "more stringent" than the three-part test regarding the common law right of access. See Lugosch, 435 F.3d at 124. To determine whether the constitutional right attaches, the Second Circuit has identified two separate approaches toward determining whether the public should have access to judicial documents. The first is an "experience and logic" approach which examines whether the documents "'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" Lugosch, 435 F.3d at 120 (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004), quoting Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8 (1986)). "The second approach considers the extent to which the judicial documents are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." Hartford Courant, 380 F.3d at 93. Because the second approach is of greater relevance to later proceedings such as trials, the "experience and logic" test is the one best suited to assessing the First Amendment interest with regard to unsealing complaints. See Bernstein, 814 F.3d at 141. For the reasons that follow, Barth has not supplied the Court with sufficient justification to support the required on-the-record findings showing that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Lugosch, 435 F.3d at 120.

Experience and logic both require denial of Barth's application to seal the pleadings. Seen through the lens of experience, the court in Bernstein explained, "[c]omplaints have historically been publicly accessible by default, even when they contain arguably sensitive

8

information." Id. As the Supreme Court explained in Nixon, federal courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." 435 U.S. at 597-98.

The Bernstein court's "logic" test leads to the same result. "Public access to complaints allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern. Conversely, a sealed complaint leaves the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent—in an effort to resolve the dispute. These considerations indicate that public access to the complaint and other pleadings has a 'significant positive role,' . . . in the functioning of the judicial process." Bernstein, 814 F.3d at 141 (internal quotation omitted).

Following Bernstein's guidance, sealing the Complaint, the appendices, and the "memorandum of law" with which Barth commenced this action would not only permit him to arrange for an unaccountable misuse of the Court's resources ████████████████ ████████████████████████████████████████ ████████████ on the receiving end of John Barth, Jr.'s (or some other angry litigant's) retribution in a secret and pliant federal forum. The Court should not set such a precedent.

9

## CONCLUSION

For the foregoing reasons, Barth's Letter Motion to Seal should be denied.

Dated: New York, New York
May 14, 2025

                                **MINTZ & GOLD LLP**

*/s/ Steven G. Mintz*
_____
Steven G. Mintz
Terence W. McCormick
600 Third Avenue – 25th Floor
New York, New York 10016
Tel: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Attorneys for Defendants*
*HarperCollins Publishers, L.L.C.,*
*News Corp, Shelly Barth, Shelly R. Barth*
*Revocable Trust, and the Estate of*
*John Barth*