

| | | |
|---|---|---|
| Steven W. Gold | Matthew S. Seminara | **Senior Counsel** |
| Steven G. Mintz* | Julia B. Milne | Jack A. Horn |
| Jeffrey D. Pollack* | James W. Kennedy | Noreen E. Cosgrove |
| Elliot G. Sagor | Ryan W. Lawler* | Timothy J. Quill, Jr. |
| Ira Lee Sorkin | Andrew A. Smith | |
| Lon Jacobs | Amit Sondhi | **Of Counsel** |
| Steven A. Samide | Michael Mooney | Honorable Vito J. Titone (*dec.*) |
| Scott A. Klein | Adam K. Brody | *NY State Court of Appeals 1985–1998* |
| Terence W. McCormick*** | Andrew E. Steckler | Harvey J. Horowitz (*dec.*) |
| Robert B. Lachenauer | Alex J. Otchy* | Honorable Howard Miller |
| Roger L. Stavis | Allison Pridmore | *NY Appellate Div. 1999–2010 [ret.]* |
| Howard M. Topaz | Victoria F. Muth | Alan Katz |
| Philip E. Altman | Carli M. Aberle | Eric M. Kutner |
| Charles A. Ross** | Zachary J. Turquand | Andrew P. Napolitano° |
| Richard M. Breslow | Kellyann T. Ryan | Brian T. Sampson |
| Barry M. Kazan* | Jason Leach**** | Erica Nazarian |
| Craig D. Spector* | Sitie "Esther" Tang | Tara Shamroth |
| Kevin M. Brown | Benjamin S. Cotler | Jared Van Vleet |
| Alexander H. Gardner | | Simone Calzolai⁺ |
| Heath Loring | *Also admitted in New Jersey | *Admitted to practice only before all courts |
| Peter Guirguis | **Also admitted in Florida | in New Jersey and all Federal Courts in New York City |
| | ***Also admitted in California | |
| | ****Also admitted in Texas | ⁺Admitted in Italy and the United Kingdom (Not admitted in the U.S.) |

July 9, 2025

<u>Via CM/ECF and Email</u>
Hon. Margaret M. Garnett
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
*GarnettNYSDChambers@nysd.uscourts.gov*

    Re: Barth v. Houghton Mifflin Company et al.
       No. 1:25-cv-01777-MMG

Dear Judge Garnett:

  This firm represents Defendants HarperCollins Publishers, L.L.C. ("HarperCollins"), News Corp, Shelly Barth, Shelly R. Barth Revocable Trust, and the Estate of John Barth (the "Moving Defendants").

  We write in response to (1) the letter motion of *pro se* Plaintiff John S. Barth, Jr., filed on Sunday July 6th (ECF 125), in which Mr. Barth moves for an order permitting him to proceed anonymously "and to remove the lightly-redacted filings [containing his name] from the docket" and (2) his letter motion of Tuesday, July 8th (ECF 126), in which he moves this Court to stay the action pending his threatened appeal pursuant to the collateral order doctrine if the Court does not grant the motion sought by his letter motion of July 6th.

  At the conference on June 12, 2025, in addition to ruling on how much the Court would allow Mr. Barth to redact from the existing filings in this action, Your Honor also stated on the

**Mintz & Gold**

July 9, 2025
Page 2

record that Mr. Barth was not permitted to make "any filings of any kind in this case without prior permission of the Court" until the Court disposed of the anticipated motion to dismiss the Complaint. (June 12 Transcript at 11.) Mr. Barth has now defied the Court's instruction *twice* within the span of 48 hours and done precisely that. He has also added additional, unnecessary confusion in the case, given that the Moving Defendants' motion to dismiss the action is due this Friday, July 11, 2025.

Because Mr. Barth's current filings are unauthorized, we respectfully ask the Court's guidance as to whether it will be necessary for the Moving Defendants formally to respond to the substance of Mr. Barth's letter motions.[1] If the Court wishes formal briefing of Mr. Barth's most recent letter motions, we respectfully ask that the Court set a briefing schedule. We would also note that with these motions, Mr. Barth has continued his pattern of unnecessarily increasing the costs the Moving Defendants have had to bear in this matter, which has persisted since the beginning of the litigation. The Moving Defendants reserve the right to seek costs and fees as the result of such vexatious and frivolous litigation.

We will not take up the Court's time at this juncture on the merits (or lack thereof) of Mr. Barth's application, except to note that cases involving publication of allegedly defamatory statements of the sort complained of in this case do not typically result in redaction of the challenged utterances from the court record, *much less* permission to litigate the case anonymously. If Mr. Barth does not wish the world to know that he has sued his family or the corporate defendants over these statements, the Moving Defendants respectfully submit that he is free voluntarily to dismiss the action and close the case.

We look forward to the Court's guidance on this matter.

Respectfully submitted,

/s/ *Steven G. Mintz*

Steven G. Mintz

cc: John S. Barth, Jr.
*Plaintiff Pro Se (Via ECF)*

---

> This case is STAYED pending resolution of the Moving Defendants' motion to dismiss. See Dkt. No. 72. Accordingly, the Moving Defendants are not required to respond to Dkt. Nos. 125 or 126 at this time.
>
> SO ORDERED. Dated July 9, 2025.
>
> HON. MARGARET M. GARNETT
> UNITED STATES DISTRICT JUDGE

---

[1] We note once more that Mr. Barth persists in maintaining that this Firm represents the Houghton Mifflin Defendants. For the avoidance of doubt, Mr. Barth's statement is false.