USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/03/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN BARTH,

                Plaintiff,

-against-

HOUGHTON MIFFLIN CO., et al.,

                Defendants.

25-CV-01777 (MMG)

**ORDER**

---

MARGARET M. GARNETT, United States District Judge:

    On September 24, 2025, counsel of record for Defendants HarperCollins Publishers L.L.C., News Corp, Shelly R. Barth, Shelly R. Barth Revocable Trust, and the Estate of John Barth filed a suggestion of death for Defendant Shelly R. Barth. *See* Dkt. No. 152. On October 2, 2025, Plaintiff filed an "emergency motion" to appoint a receiver, grant subpoenas, and "deny dilatory motions." Dkt. No. 153. On October 19, 2025, Plaintiff filed a motion to substitute the "estate of Shelly R. Barth" for Ms. Barth. Dkt. No. 155. On October 30, 2025, Plaintiff filed a letter motion requesting (i) joinder of all representatives, trustees, officers, and equity holders of the late Ms. Barth and their trusts, estates, and related entities, and (ii) subpoenas "for all records and communications of deceased defendants John S. Barth Sr. and Shelly R Barth and their representatives, and a lien upon property now or formerly owned by them since 1992." Dkt. No. 157 at 1. For the reasons set forth below, all requests are DENIED.

    Federal Rule of Civil Procedure 25(a)(1) allows a court to "order substitution of the proper party" upon death of a party for whom the claim in the case "is not extinguished." "In considering a motion to substitute a party pursuant to Rule 25(a)(1), the Court must decide whether: (1) the motion was timely; (2) the claims survive the decedent's death; and (3) the party sought to be substituted for the decedent is a proper party." *Wagley v. JPMorgan Chase Bank, N.A. as trustee of Mary Penney Wagley Irrevocable Tr.*, No. 18-CV-8668 (PGG), 2021 WL 1406001, at *1 (S.D.N.Y. Apr. 13, 2021).[1] A "proper party" for substitution under Rule 25(a)(1) is "(1) a successor of the deceased party — a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party — a person lawfully designated by state authority to represent the deceased's estate." *Id.*

    Here, Plaintiff has only generically identified the "estate of Shelly R. Barth" as a substitute for Ms. Barth. Accordingly, the Court is unable to assess whether "the party sought to be substituted for the decedent is a proper party." *Id.* Moreover, counsel for Defendants has

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

represented that estate administration procedures have only just begun in Florida, and when a proper party has been identified to substitute for Ms. Barth, they will file the appropriate motion. *See* Dkt. No. 158. There is no prejudice to Plaintiff to waiting for an appropriate substitute under the law, if any.

Plaintiff's request for the issuance of subpoenas is also denied because discovery in this case is stayed pending the resolution of Defendants' motions to dismiss. *See* Dkt. No. 72. To the extent Plaintiff is concerned about the preservation of relevant records in this matter while discovery is stayed, *see* Dkt. No. 157 at 1, Plaintiff is reminded that each party in this case has a "duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Eur. v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 176 (S.D.N.Y. 2022). The stay of discovery does not alter this obligation.

Finally, Plaintiff is reminded that the Court specifically ordered that he was not to file any additional motions, absent a true emergency, until the motions to dismiss were resolved. Dkt. No. 72. The Court recognizes that the death of Ms. Barth was an unexpected event that could affect this litigation, but that requires only one filing and is not an excuse to unleash a barrage of unnecessary and inappropriate motions. The Court also recognizes that Plaintiff is eager to move this case forward if the motions are denied, but there is no exigency and the Court has a docket of approximately 300 civil cases. Plaintiff is entitled to no special priority merely because he wishes it. In addition, if Plaintiff does file something that he believes in good faith is permitted by the Court's prior orders, he **must** ensure that Defendants' counsel is served with those filings. Service will automatically occur through the ECF system if Plaintiff's filings are done in the normal fashion; however, if Plaintiff is requesting sealing, then he must serve those filings directly on Defendants' counsel via email or first-class mail or an equivalent mail delivery service. The Court is cognizant of Plaintiff's *pro se* status and has made many accommodations for that status. However, Plaintiff must understand that further violations of the Court's orders, the Federal Rules of Civil Procedure, the SDNY Local Rules, and this Court's Individual Rules may result in sanctions or dismissal of this case under Rule 41.

## CONCLUSION

For the reasons set forth above, Plaintiff's various requests to appoint a receiver, substitute a party, join additional parties, and issue subpoenas are DENIED. When an administrator or executor of Ms. Barth's estate has been designated by the appropriate Florida court, either party may file a motion for substitution that complies with Federal Rule of Civil Procedure 25(a)(1). Because the proceedings concerning Ms. Barth's estate are ongoing, the 90-day deadline to move for substitution of Ms. Barth as a party under Rule 25(a)(1) is STAYED.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 153, 155, and 157.

Dated: November 3, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge