USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN BARTH,

               Plaintiff,

-against-

HOUGHTON MIFFLIN CO., et al.,

               Defendants.

25-CV-01777 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff initiated this action on February 28, 2025. Dkt. No. 1. On September 24, 2025, counsel of record for several Defendants, including Shelly R. Barth, filed a suggestion of death for Ms. Barth. Dkt. No. 152. On October 30, 2025, Plaintiff filed a letter motion requesting, *inter alia*, joinder of all representatives, trustees, officers, and equity holders of the late Ms. Barth and their trusts, estates, and related entities. Dkt. No. 157. On November 3, 2025, The Court denied Plaintiff's request without prejudice to renewal of a motion to substitute the property party for Ms. Barth. Dkt. No. 160. On January 5 and 8, 2026, Plaintiff and Defendants respectively moved pursuant to Federal Rule of Civil Procedure 25(a)(1) to substitute Arlene R. Forman, in her capacity as Personal Representative of the Estate of Shelly Barth, for Ms. Barth. Dkt. Nos. 161 & 163. Plaintiff also requested an order requiring:

> All entities, assets, and information related to or controlled by defendants Shelly R Barth and John S Barth or their entities, representatives and beneficiaries listed below, including but not limited to all real and personal property and securities, and assets of related persons and entities received from them, managed for them, or traceable to their ownership, including such assets held by foreign persons or entities, shall be disclosed by their [Personal Representative] and prior [Personal Representatives] and barred from transfer or alteration until resolution of this case.

Dkt. No. 161 at 7. On January 11, 2025, Plaintiff moved to strike Defendants' filings in connection with the motion for substitution of party. For the reasons that follow, the parties' request to substitute Ms. Forman in her capacity as Personal Representative of the Estate of Shelly R. Barth is GRANTED and Plaintiff's requests for an order related to Defendants' assets and to strike Defendants' filings are DENIED.

    Federal Rule of Civil Procedure 25(a)(1) allows a court to "order substitution of the proper party" upon death of a party for whom the claim in the case "is not extinguished." "In considering a motion to substitute a party pursuant to Rule 25(a)(1), the Court must decide whether: (1) the motion was timely; (2) the claims survive the decedent's death; and (3) the party sought to be substituted for the decedent is a proper party." *Wagley v. JPMorgan Chase Bank,*

1

*N.A. as trustee of Mary Penney Wagley Irrevocable Tr.*, No. 18-CV-08668 (PGG), 2021 WL 1406001, at *1 (S.D.N.Y. Apr. 13, 2021)..[1] All three requirements are met here.

First, the request is timely. While ordinarily a motion pursuant to Rule 25(a) must be made "within 90 days after service of a statement noting the death," Fed. R. Civ. P. 25(a)(1), "the court may extend the 90-day time period if the court acts, or if a request is made, before the original time or its extension expires." *O'Rourke v. Ehsan Food Corp.*, No. 19-CV-06162 (LJL), 2020 WL 6894663, at *2 (S.D.N.Y. Nov. 24, 2020). Here, Defendants filed a notice of death for Ms. Barth on September 24, 2025. Dkt. No. 152. Within 90 days of that notice, on November 3, 2025, the Court stayed the 90-day deadline to move for substitution of Ms. Barth as a party under Rule 25(a)(1). Dkt. No. 160. The stay has not been lifted. Accordingly, both parties' motions are timely.

Second, Plaintiff's claims survive the death of Ms. Barth. "A claim survives the decedent's death 'if applicable state law creates a right of survival.'" *Wagley*, 2021 WL 1406001, at *1 (quoting *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1984)). Plaintiff brings defamation claims under New York and Florida law and federal claims under RICO and the Civil Rights Act. Dkt. No. 1. These claims survive the death of Ms. Barth under the applicable laws of both states. First, Florida law requires that "no cause of action dies with the person. All causes of action survive and may be . . . defended in the name of the person prescribed by law." Fla. Stat. § 46.021. Second, under New York law, "claims for 'personal injury,' . . . survive the death of the person liable." *Pratt v. Bernstein*, 533 F. Supp. 110, 117 (S.D.N.Y. 1981). Defamation claims and claims arising under federal civil rights statutes are considered personal injury claims in this context. *Squires v. Nephrology Found. of Brooklyn, Inc.*, No. 99-CV-01143, 1999 WL 1495421, at *2 (E.D.N.Y. Dec. 27, 1999); N.Y. Gen. Constr. Law, § 37-a. Plaintiff's RICO claims also survive because a private RICO plaintiff must allege "injury to the plaintiff's business or property," *Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 599 (S.D.N.Y. 2015), and, under New York law, "[n]o cause of action for injury to person or property is lost because of the death of the person liable for the injury." *Bruccoleri v. Gangemi*, No. 17-CV-07443, 2019 WL 499769, at *7 (E.D.N.Y. Feb. 8, 2019). Plaintiff's claims thus survive the death of Ms. Barth.

Finally, Ms. Forman is a proper party for substitution. On November 24, 2025, the Probate Court in Lee County Florida appointed Ms. Forman Personal Representative of the Estate of Shelly R. Barth. Dkt. No. 164 ¶ 5; Dkt. No. 164-2. "[A] representative of the deceased party — a person lawfully designated by state authority to represent the deceased's estate" is a proper party for substitution under Rule 25(a)(1). *Wagley*, 2021 WL 1406001, at *1. Accordingly, Ms. Forman, in her capacity as estate representative, is substituted for Shelly R. Barth as Defendant.

As to Plaintiff's requests that the Court (1) order the retention and disclosure of all "entities, assets, and information related to or controlled by defendants Shelly R Barth and John S Barth or their entities, representatives and beneficiaries"; and (2) strike Defendants'

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

submissions in support of the motion to substitute, both requests are denied. Now that Ms. Forman has been substituted as a Defendant, the Court reminds Ms. Forman of each party's "duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Eur. v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 176 (S.D.N.Y. 2022). However, this duty does not create the sweeping disclosure obligation Plaintiff seeks to impose. Finally, under Federal Rule of Civil Procedure 12(f) "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The submissions that Plaintiff seeks to strike do not contain "redundant, immaterial, impertinent, or scandalous matter," *id.*, and offer useful information substantiating the motion to substitute Ms. Forman for Ms. Barth. Accordingly, both of Plaintiff's requests are denied.

## CONCLUSION

For the reasons set forth above, Arlene R. Forman, in her capacity as Personal Representative of the Estate of Shelly R. Barth, is substituted for Defendant Shelly R. Barth. Plaintiff's additional requests are DENIED.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 161, 163, and 167.

Dated: January 13, 2026
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge