USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/29/2026_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN BARTH,

               Plaintiff,

         -against-

HOUGHTON MIFFLIN CO., et al.,

               Defendants.

25-CV-01777 (MMG)

**<u>ORDER</u>**

MARGARET M. GARNETT, United States District Judge:

On June 12, 2025, the Court stayed discovery in this matter pending the resolution of Defendants' motion to dismiss. Dkt. No. 72. The stay of discovery has not yet been lifted. On September 24, 2025, counsel for Defendants HarperCollins Publishers L.L.C., News Corp, Shelly R. Barth, Shelly R. Barth Revocable Trust, and the Estate of John Barth filed a suggestion of death for Defendant Shelly R. Barth. Dkt. No. 152. On October 19, 2025, Plaintiff filed a motion to substitute the estate of Ms. Barth for Ms. Barth as a party to this litigation. Dkt. No. 155. The Court denied Plaintiff's request on the grounds that an administrator for Ms. Barth's estate had not yet been designated. Dkt. No. 160. The Court also stayed the 90-day deadline provided for in Federal Rule of Civil Procedure 25(a)(1) to move to substitute a party following the service of a statement noticing the party's death. *Id.* The stay of that deadline had no impact on, and bore no relation to, the ongoing stay of discovery. On January 13, 2026, following the appointment of Arlene R. Forman as the Personal Representative of the Estate of Shelly R. Barth, the Court substituted Ms. Forman for Defendant Shelly R. Barth. Dkt. No. 168.

Since that date, Plaintiff has made four requests. First, Plaintiff seeks subpoenas for all records and communications of the deceased defendants in this case as well as a lien on their property. Dkt. No. 169. Second, he seeks to hold all Defendants in default. Dkt. No. 170. Third, he requests that the Court strike or deny Defendants' motions to dismiss and related filings. Dkt. No. 171. Fourth, he requests that the Court lift the stay on this action. For the reasons that follow, Plaintiff's requests are denied.

The first and fourth requests are denied because discovery in this case remains stayed and the Court sees no basis to lift the stay while Defendants' motions to dismiss remain pending. Additionally, as explained above, the stay of this case is based on the Court's June 12, 2025 Order staying all discovery and not the temporary stay of the deadline to move for substitution of Ms. Barth issued on November 3, 2025. To the extent Plaintiff is concerned about the preservation of evidence, as the Court has repeatedly reminded, each party has a duty to preserve relevant evidence, and the stay of discovery does not alter that duty. Second, the Court sees no basis to hold Defendants in default given their participation in this action. Finally, the motions to dismiss have been fully briefed and do not raise "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" as would be required to grant a motion to strike

1

pursuant to Federal Rule of Civil Procedure 12(f).  The Court will resolve these motions by order on the merits.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions are DENIED.  The stay of discovery remains in place.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 169, 171, and 172.

Dated: April 29, 2026
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

2